## GAMBLE v. CHURCH.
### Patent Appeal No. 2937.

Court of Customs and Patent Appeals.
May 2, 1932.

Wm. O. Belt, of Chicago, Ill., for appellant.

Ralph N. Flint, of Detroit, Mich., and Arthur W. Davidson, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an interference proceeding in which appellant appeals from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences awarding priority of invention to appellee.

The invention relates to a clutch construction wherein a flat driven plate is located between the two driving members of the clutch and a gradual progressive engagement of the plate by the said two members is secured through a distortion or "kinking" of the plate.

The issue consists of a single count, which reads as follows: "In a friction clutch, the combination of a relatively fixed clutch member, a relatively movable clutch member, and a driven plate member located therebetween, and friction rings upon opposite faces of said plate member, the contact area between the clutch members and rings constructed to progressively increase till full contact and engagement of the clutch is effected by the kinking of said plate under pressure between said clutch members."

The application of appellant was filed May 15, 1926. Appellee's application was filed October 14, 1925. Appellant therefore is the junior party, and the burden was upon him to establish priority of invention by a preponderance of evidence.

Both tribunals of the Patent Office gave to appellee March 5, 1925, as his date of conception, and his filing date of October 14, 1925, for constructive reduction to practice.

The Examiner of Interferences found that appellant had established conception of the invention in the summer or fall of 1923. The Board of Appeals held that appellant conceived the invention either in 1923 or 1924, and that it was immaterial which of said years was given him, since either is prior to the date awarded appellee for conception.

Both tribunals held that a claimed reduction to practice by appellant in May, 1924, constituted merely an abandoned experiment, and that appellant had failed to establish diligence in reducing his invention to practice.

The burden of proof being upon appellant, and there being concurring findings of the Patent Office tribunals upon the questions of fact involved, the rule is applicable that such findings will be accepted by us unless manifestly wrong. Pengilly v. Copeland, 40 F.(2d) 995, 17 C. C. P. A. 1143.

It appears from the testimony that appellant is a mechanical engineer and was, during the years from 1923 to the time the testimony herein was taken, in the employ of the Borg & Beck Company, large clutch manufacturers, to whom he assigned his patent application; that said Borg & Beck Company had formerly supplied the Paige Motor Company of Detroit with clutches, but had lost its business; that in 1923 and the early part of 1924 said Borg & Beck Company, through appellant, was trying to obtain an order from said Paige Motor Company for clutches for use in the new Jewett car being put out by said company. Tests of Borg & Beck clutches, not embodying the invention here involved, had been going on for several months, but said clutches were not considered satisfactory by the Paige Company. Appellant was in Detroit looking after the tests for his employer. Appellant disclosed to one Mather, the chief engineer for the Paige Company, a form of clutch embodying the invention set forth in said count, and said Mather expressed a desire to try it. Appellant then had the Borg & Beck Company grind a pair of their standard friction rings to a form responding to said count and had them substituted in the Jewett car being tested by the Paige Company. The first pair were unsatisfactory, due, it is claimed, to grease having been smeared on them by a workman. A second pair were made and substituted, and tested in said car in the latter part of May, 1924. Appellant testified that he drove the car on two occasions, and that "the results indicated that the more gradual engagement and smoother action which we had hoped for had been obtained." Appellant made a report to the Borg & Beck Company which states that one Porth, foreman of the experimental department of the Paige Company, who made the test, reported to appellant that the "clutch is now operating nicely." Appellee objected to this report as being hearsay and as not identifying the invention here in issue. We think the objection was well taken, and that the report should not be considered. Both tribunals of the Patent Office held that appellant's testimony as to the result of said test was not sufficient to establish that the test was successful and constituted a reduction to practice of the invention.

The only corroboration of appellant's testimony as to the result of the tests was the testimony of said Porth. When asked if the test was successful, he answered: "Well, as I remember it, it was quite an improvement over what we had been using at that time. It is hard to remember all those things now."

The clutch tested was left in the automobile, and there is no evidence as to what became of it.

Although the test was made at the suggestion of said Mather, chief engineer for the Paige Company, he testified that he knew nothing of the test having been made, or the results thereof. Appellant does not testify that he discussed his invention further with Mather, and it would seem that, if appellant thought that the test was successful, he would have brought it to the attention of Mather, as he (Mather) was the one who suggested the test. This is particularly significant when the testimony shows clearly that appellant was doing everything possible to secure an order from the Paige Company for clutches made by the Borg & Beck Company.

The Board of Appeals, after holding that appellant's testimony as to said tests had not been sufficiently corroborated to establish reduction to practice, in its decision said:

"Possibly this testimony might be sufficient upon which to base a holding of successful reduction to practice if the subsequent events did not indicate that it was an abandoned experiment. The following facts are believed to justify this holding of abandoned experiment by the examiner of interferences. Except for Gamble's uncorroborated testimony to some laboratory tests in October, 1924 (X Qs. 83 and 90) no other rings embodying the invention were made and tested until 1926 when the molded facings, Exhibits 10 and 11, were made and tested in May and July, 1926 (Gamble Q. 76) at about the time Gamble filed his application. The Paige Company did not adopt his invention. That Gamble and his assignee have never done anything in the way of commercializing the invention and that except for the filing of his application it was abandoned in favor of other forms of driven plates providing a yield-

ing effect is indicated by the following testimony of Gamble:

"X Q. 92. Do I understand from your answer that you have not up to the present time made and used clutches having plates of the kind about which we are talking, that is the tapering faces. I mean made and used them in automobiles? A. That is right, to the best of my knowledge. * * *

"R. D. Q. 136. Referring to your answer to X Q. 92 why did you not go into commercial production of clutch plates of this invention when you were able to obtain satisfactory molded facings? A. About this time we experimented with other forms of driven plates providing this same yielding effect with the flat type of facing and these other forms were preferred by our customers.

"Reed testified that tapered facing made of woven fabric were not commercially practical 'because the woven facings being soft would wear rapidly because of the narrow contacts presented on first engagement (Q. 81).'"

The Board of Appeals further stated that it concurred with a statement of the Examiner of Interferences that appellant's application was not filed until the appearance of closely related devices were placed upon the market by appellee's assignee. Appellant complains of this finding, and contends that the devices of appellee's assignee referred to did not embody the invention in question. This is true, but we think the statement that the devices were closely related to the device here involved was warranted by the evidence.

Appellant correctly contends that commercial production of an invention is not necessary to constitute reduction to practice, but the testimony in this case indicates that neither appellant nor his assignee endeavored to make any commercial use of the invention, or filed an application for patent therefor, until long after appellee's filing date. Had there been a successful reduction to practice in May, 1924, as claimed by appellant, it is reasonable to suppose that appellant would afterwards have brought the device to the notice of Mather with information concerning the test, and that drawings or samples of the device would have been produced and preserved by appellant or his assignee prior to appellee's filing date; none of these things was done, and the invention, so far as appellant and his assignee were concerned, lay dormant, without even a record of any kind being made of the invention from at least October, 1924, until the early part of 1926, after appellee's filing date.

Appellant attempts to explain this delay by testimony that he and his assignee knew that the friction rings in the device tested were too soft to be used commercially, and that, to render the device commercially practicable, molded rings were necessary, and that serviceable molded rings which could be successfully utilized in appellant's invention were not produced until the early part of 1926.

However, the testimony shows that from 1919 to 1925 appellant's assignee manufactured and sold, to at least one large customer, molded rings, but from May, 1924, to 1926, no attempt was made to utilize molded rings in appellant's invention, experimentally or otherwise.

We find nothing in the record from which we can say that the Patent Office tribunals were manifestly wrong in finding that the test of May, 1924, was not a reduction to practice of the invention, but was an abandoned experiment. Long and unexplained delay following a test of invention is inconsistent with a subsequent claim that the invention was successful. Sundberg v. Schmitt, 58 App. D. C. 292, 29 F.(2d) 880; Vanore v. Improta, 58 App. D. C. 130, 25 F.(2d) 918.

Appellant, being the first to conceive the invention, was chargeable with reasonable diligence in reducing his invention to practice from immediately prior to March 5, 1925, when appellee entered the field.

Both tribunals of the Patent Office found that appellant had not established such diligence, and in our opinion no other finding was possible upon the evidence in the case. Appellant's excuse for the delay was the inability of appellant and his assignee to secure satisfactory molded rings prior to 1926, and it is claimed that appellant's assignee was active from March, 1925, to May, 1926, in perfecting the desired molded rings. The testimony does not sustain such contention; it shows that in a few hours appellant could have produced the device as it was produced in May, 1924, and could have thoroughly tested it, with competent witnesses observing the tests; or, if proper material was not available for making the device, he could have filed an application for a patent. He did neither.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.